United States District Court
Southern District of Texas
**ENTERED**
April 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KARLA MARIA LARA HERNANDEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-02275** |
| | § | |
| **RANDY TATE,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Karla Maria Lara Hernandez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C E 2241 (ECF No. 1) and the Federal Respondents' Motion for Summary Judgment (ECF No. 5). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.    BACKGROUND

Respondents did not dispute the following facts. Petitioner is a non-citizen from Honduras who entered the United States without inspection in 2019. ECF No. 5 at 4. After initial entry, she was issued a Notice to Appear (NTA) charging her with being "an alien present in the United States who has not been admitted or paroled" and therefore inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(6)(A)(i)), and she was taken into immigration custody. *Id.* Immigration authorities then released Petitioner on her own recognizance subject to certain conditions, including regular reporting requirements with Immigrations and Customs Enforcement (ICE). *See id.*; ECF No. 1 at 7.

1 / 4

While released, Petitioner has complied with all conditions and has applied for asylum. . ECF No. 1 at 4, 7. Nonetheless, Respondents re-detained Petitioner at a routine ICE check-in appointment on February 26, 2026. *Id*. at 3, 7. She remains in custody. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## II.      ANALYSIS

Petitioner argues that her re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates her procedural due process rights, it declines to address the additional reasons that Petitioner believes her continued detention is unlawful.

The Court recently addressed a highly similar set of circumstances in *Betancourth v. Tate, et al*., --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6.

Respondents "urge reconsideration of *Betancourth* and other similar decisions" on the grounds that "[i]f this Court ordered release of Petitioner [due to a lack of] change in Petitioner's individual circumstances," as the Court did in those other cases, "it would effectively be ordering the Government to continually violate the INA." ECF No. 5 at 2.[1] This argument misses the point.

---

[1] Respondents also contend that the Fifth Circuit's "new interpretation" of 8 U.S.C. § 1225(b)(2)(A) is a "changed circumstance" which justifies Petitioner's ongoing detention. ECF No. 5 at 2. However, when the Court references "changed circumstances" in *Betancourth* and elsewhere, it does not do so in reference to the legal landscape.

In *Betancourth*, the Court determined that Respondents applied 8 U.S.C. § 1225(b)(2)(A) to the petitioner in a manner inconsistent with the process to which she was constitutionally entitled given her prior release on recognizance under 8 U.S.C. § 1226(a). *Betancourth*, No. 4:26-CV-01169, 2026 WL 638482, at *4; *6 ("Petitioner's procedural due process claim challenges not her mandatory detention under § 1225(b)(2), but the arbitrary revocation of her prior release under § 1226(a)."). Where the application of a statutory scheme conflicts with a constitutional right, the Constitution prevails. For the reasons discussed at length in *Betancourth*, the Court is also unpersuaded by Respondents' argument that "procedural due process is inapplicable" to Petitioner in the first instance. ECF No. 7 at 2.

The Court sees no reason to depart from *Betancourth* here. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process, and orders Petitioner's immediate release from custody.

### III.    RELIEF

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of her prior release order.

---

Instead, the Court refers to whether the Government has shown—by and convincing evidence—that because of new factual circumstances, the petitioner now "presents a danger or flight risk when the Government previously determined that [they] presented neither." *Alvarez Rico v. Noem*, No. 4:26-CV-00729, 2026 WL 522322, at *6 (S.D. Tex. Feb. 25, 2026) (Ellison, J.).

Moreover, the statutory interpretation question which the Fifth Circuit decided in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026) is distinct from the constitutional question at issue in cases which, like the instant case, involve re-detention of someone previously released on recognizance. *See Bethancourt*, No. 4:26-CV-01169, 2026 WL 638482, at *3 n.3, *4.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel or next friend of the time and place of her release **no less than three hours** prior to her release from custody.

3. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 6, 2026,** informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 17, 2026.**

Signed at Houston, Texas on April 1, 2026.

Keith P. Ellison
United States District Judge